UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA MERCADO-FIGUEROA, | ) | CASE NO. 1:20-cv-00750 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| KILOLO KIJAKAZI,<br>    *Acting Comm'r of Soc. Sec.*, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

Plaintiff, Brenda Mercado-Figueroa ("Plaintiff"), challenges the final decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423 *t seq*. ("Act"). This court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned United States Magistrate Judge pursuant to consent of the parties. (R. 9). For the reasons set forth below, the Commissioner's final decision is AFFIRMED.

### I. Procedural History

On February 5, 2016, Plaintiff filed her application for DIB, alleging a disability onset date of December 10, 2015. (R. 12 , Transcript ("Tr.") 340-346). The application was denied initially

and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 137-215). Plaintiff participated in the hearing on December 20, 2017, was represented by counsel, and testified. (Tr. 98-136). On June 20, 2018, the ALJ found Plaintiff not disabled. (Tr. 193). On March 11, 2019, the Appeals Council vacated the prior decision and remanded to the ALJ for further consideration. (Tr. 173-177). Plaintiff participated in the new hearing on September 18, 2019, was represented by counsel, and testified. (Tr. 66-97). On November 1, 2019, the ALJ again found Plaintiff was not disabled. (Tr. 56). On March 16, 2020, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the Commissioner's final decision. (Tr. 1-7). Plaintiff's complaint challenges the Commissioner's final decision. (R. 1). The parties have completed briefing in this case. (R. 15 & 17).

Plaintiff asserts the following assignments of error: (1) whether the ALJ erred in failing to grant controlling weight to the opinions of a treating physician; and (2) whether new and material evidence warrants remand. (R. 15, PageID# 1962).

## II. Disability Standard

A claimant is entitled to receive benefits under the Social Security Act when she establishes disability within the meaning of the Act. 20 C.F.R. § 404.1505 & 416.905; *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524 (6th Cir. 1981). A claimant is considered disabled when she cannot perform "substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a) and 416.905(a); 404.1509 and 416.909(a).

The Commissioner determines whether a claimant is disabled by way of a five-stage

2

process. 20 C.F.R. § 404.1520(a)(4); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. 20 C.F.R. §§ 404.1520(b) and 416.920(b). Second, the claimant must show that she suffers from a medically determinable "severe impairment" or combination of impairments in order to warrant a finding of disability. 20 C.F.R. §§ 404.1520(c) and 416.920(c). A "severe impairment" is one that "significantly limits ... physical or mental ability to do basic work activities." *Abbott*, 905 F.2d at 923. Third, if the claimant is not performing substantial gainful activity, has a severe impairment (or combination of impairments) that is expected to last for at least twelve months, and the impairment(s) meets a listed impairment, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d). Fourth, if the claimant's impairment(s) does not prevent her from doing past relevant work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(e)-(f) and 416.920(e)-(f). For the fifth and final step, even if the claimant's impairment(s) does prevent her from doing past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g) and 416.920(g), 404.1560(c).

### III. Summary of the ALJ's Decision

The ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2021.

2. The claimant has not engaged in substantial gainful activity since December 10, 2015, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. The claimant has the following severe impairments: Degenerative joint disease of bilateral shoulders status post glenohumeral debridement and open biceps tendonesis; carpal tunnel syndrome; degenerative disc

> disease; chronic regional pain syndrome of the left shoulder; diabetes mellitus and depressive disorder (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) except[—] The claimant has the residual functional capacity to perform less than full range of light work except: she can operate hand controls with right hand frequently, she can operate hand controls with left hand frequently; occasionally reaching overhead bilaterally. For all other reaching she can reach frequently bilaterally; she can handle, finger, and feel frequently bilaterally; the claimant can frequently climb ramps and stairs and never climb ladders, ropes, or scaffolds; she can frequently stoop and never crawl; she can never work at unprotected heights or near dangerous moving machinery; can work moving mechanical parts other [sic]; she can perform simple routine tasks with no strict production based requirements; she is able to tolerate frequent interactions with coworkers, supervisors and the public; she can tolerate only occasional workplace changes; she can only occasionally push/pull with bilateral upper extremities.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on ***, 1975 and was 40 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

> 11. The claimant has not been under a disability, as defined in the Social Security Act, from December 10, 2015, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 46-55).

## IV. Law and Analysis

### A. Standard of Review

Judicial review of the Commissioner's decision is limited to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). Review must be based on the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). The court may look into any evidence in the record to determine if the ALJ's decision is supported by substantial evidence, regardless of whether it has actually been cited by the ALJ. (*Id.*) However, the court does not review the evidence *de novo*, make credibility determinations, or weigh the evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

The Commissioner's conclusions must be affirmed absent a determination that the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Brainard*, 889 F.2d at 681. A decision supported by substantial evidence will not be overturned even though substantial evidence supports the opposite conclusion. *Ealy*, 594 F.3d at 512.

B. **Plaintiff's Assignments of Error**

1. **Treating Physician Rule**

In the first assignment of error, Plaintiff argues the ALJ erred by granting little weight to the opinions of her treating physician Evan Rae, D.O. (R. 15, PageID# 1976-1980). Specifically, Plaintiff takes issue with the ALJ's decision to accord little weight to two checklist-style medical source statements authored by Dr. Rae in September of 2016 and May of 2019. *Id*. at PageID# 1977-1978. The Commissioner does not challenge the assertion that Dr. Rae was a treating source at the time the doctor authored the two opinions or the applicability of the treating source rule to the case at bar. (R. 17, PageID# 1992-1993). The Commissioner, however, asserts that the ALJ complied with the treating physician rule by identifying inconsistencies between the record, including Dr. Rae's own treatment notes, and the limitations assessed. (R. 17, PageID# 1992-1997).

"Provided that they are based on sufficient medical data, 'the medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference.'" *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002) (quoting *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)). In other words, "[a]n ALJ must give the opinion of a treating source controlling weight if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in the case record.'" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). If an ALJ does not give a treating source's opinion controlling weight, then the ALJ must give good reasons for doing so that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *See Wilson*, 378 F.3d at 544 (*quoting*

Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *5). The "clear elaboration requirement" is "imposed explicitly by the regulations," *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 400 (6th Cir. 2008), and its purpose is "in part, to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that [her] physician has deemed [her] disabled and therefore might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." *Wilson*, 378 F.3d at 544 (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)); *see also Johnson v. Comm'r of Soc. Sec.*, 193 F. Supp. 3d 836, 846 (N.D. Ohio 2016) ("The requirement also ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.")

It is well-established that administrative law judges may not make medical judgments. *See Meece v. Barnhart*, 192 Fed. App'x 456, 465 (6th Cir. 2006) ("But judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor.") (quoting *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990)). Although an ALJ may not substitute his or her opinions for that of a physician, "an ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a residual functional capacity finding." *Poe v. Comm'r of Soc. Sec.*, 342 Fed. App'x 149, 157 (6th Cir. 2009). If fully explained with appropriate citations to the record, a good reason for discounting a treating physician's opinion is a finding that it is "unsupported by sufficient clinical findings and is inconsistent with the rest of the evidence." *Conner v. Comm'r of Soc. Sec.*, 658 Fed. App'x 248, 253-254 (6th Cir. 2016) (citing *Morr v. Comm'r of Soc. Sec.*, 616 Fed. App'x 210, 211 (6th Cir. 2015)); *see also Keeler v. Comm'r of Soc. Sec.*, 511 Fed. App'x 472, 473 (6th Cir. 2013) (holding that an ALJ properly discounted the

subjective evidence contained in a treating physician's opinion because it too heavily relied on the patient's complaints).

In a checklist-style medical source statement form completed on September 17, 2016, Dr. Rae indicated that Plaintiff could lift/carry up to ten pounds both occasionally and frequently, stand/walk for a total of four hours in one-hour increments, and sit for four hours in twenty minute increments during an eight-hour workday. (Tr. 1103-1104). Dr. Rae further indicated Plaintiff could occasionally balance, stoop, kneel, crouch, and crawl, and only rarely climb. (Tr. 1103). She could only occasionally reach, push/pull, and perform gross or fine manipulation. (Tr. 1104). Dr. Rae opined Plaintiff required a sit/stand option, needed to elevate her legs, and required additional breaks one-hour in duration. *Id*. Finally, Dr. Rae indicated Plaintiff suffered from severe pain that interfered with concentration, would take Plaintiff off-task, and cause absenteeism. *Id*. The doctor provided no explanation for the limitations assessed and did not identify any medical findings supporting the assessment, beyond the statement "see notes." (Tr. 1103-1104).

In a second checklist-style medical source statement form completed on May 7, 2019, Dr. Rae indicated that Plaintiff could lift/carry up to five pounds both occasionally and frequently, stand/walk for a total of two hours in thirty minute increments, and sit for four hours in thirty minute increments during an eight-hour workday. (Tr. 1404-1405). Dr. Rae further indicated Plaintiff could occasionally stoop, kneel, crouch, and crawl, and only rarely climb or balance. (Tr. 1404). She could only occasionally reach, push/pull, and perform gross or fine manipulation. (Tr. 1405). Unlike in his previous opinion, Dr. Rae was "not sure" whether Plaintiff needed to elevate her legs, whether her pain (which he reduced from severe to moderate) interfered with concentration or would cause Plaintiff to be absent or off task, or whether she had been

8

prescribed a brace or TENS unit. *Id*. Dr. Rae continued to opine that Plaintiff required a sit/stand option and additional breaks of an unspecified duration. *Id*. The doctor provided no explanation for the limitations assessed and did not identify any medical findings supporting the assessment, beyond the statement "See FCE." (Tr. 1404-1405).

> The ALJ addressed Dr. Rae's two medical source statements as follows:
>
>> The undersigned accords little weight to the medical source statements of Evan Rae, D.O., dated September 17, 2016 and September 22, 2016. Dr. Rae opined that the claimant was limited to performing less than a sedentary level of functioning, including no more than occasional reaching and manipulative functioning, and the need for extra breaks (exh. 40F). The degree of limitation assessed by Dr. Rae is not consistent with the totality of the medical record, including Dr. Rae's own relatively unremarkable examination findings (exh. 13F pp. 3-4, 6-13). The undersigned also accords little weight to Dr. Rae's final opinion dated May 7, 2019. Dr. Rae again assessed the claimant at less than a sedentary level of functioning in which she would not be capable of performing basic work activities eight hours per day. When asked for supporting statements, Dr. Rae replied "SEE FCE (exh. 54F). However, the FCE relied upon by Dr. Rae was deemed not valid in representing the claimant's functional capacity by the physical therapist performing the evaluation (exh. 43F). Therefore, Dr. Rae's conclusion is not supported and he provides no other context for an opinion that differs from relatively unremarkable examination findings.

(Tr. 52-53).

Unless a treating source's opinion is given controlling weight, the ALJ is required to consider the following factors in deciding the weight to give any medical opinion: the length of the treatment relationship, the frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record as a whole, and the specialization of the source. 20 C.F.R. § 404.1527(c); *see generally Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 375 (6th Cir. 2013); *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011). While the ALJ is directed to consider such factors, the ALJ is not required to provide an "exhaustive factor-by-factor analysis" in her decision. *See Francis v. Comm'r of Soc. Sec.,*

9

414 Fed. App'x 802, 805 (6th Cir. 2011).

While Dr. Rae is a treating source, his opinion is contained in a medical source statement—a checkbox questionnaire—that is devoid of any support or meaningful explanation. The ALJ articulated sufficiently good reasons for rejecting the doctor's opinions. Although the ALJ herein did not directly cite the questionnaires' check-box format as a basis for rejecting them, the ALJ was clearly concerned with the lack of an explanation, specifically noting Dr. Rae's second opinion simply stated "See FCE" and "provides no other context for an opinion that differs from relatively unremarkable examination findings." (Tr. 53, citing Tr. 1404-1405). The first opinion was similarly deficient—arguably even more so—as it simply states: "see notes." (Tr. 1103-1104). In other words, the ALJ found there was a lack of supportability.

Pursuant to the regulations, "[s]upportability" is one of the factors specifically set forth in the regulations used to evaluate opinion evidence, and states that "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion." 20 C.F.R. § 404.1527(c)(3). Plaintiff attempts to remedy the glaring lack of supportability in the forms completed by Dr. Rae by using her Brief on the Merits to point to evidence that ostensibly fills in the holes within the doctor's forms. The ALJ's review of a medical source's opinion, however, is properly based on the doctor's opinions themselves and not Plaintiff's *post hoc* rationale.

In addition, the ALJ points out that the Functional Capacities Evaluation [FCE] performed on September 13, 2018, on which Dr. Rae ostensibly relied when stating "See FCE" in the May 2019 opinion, was determined to be an invalid representation of claimant's capabilities. The physical therapist who actually conducted the test noted that the test includes "pain

questionnaires to determine how pain is affecting function. High scores on the questionnaires are frequently associated with patients who are amplifying their pain or disability. Client scored high on 11 out of 12 categories and equivocal on 1 out of 12 categories indicating a significant trend toward symptom disability behavior." (Tr. 1138-1139). The physical therapist concluded that "the test results are **NOT VALID** representing this client's maximum functional ability." (Tr. 1139) (emphasis in original). Given that Dr. Rae's only explanation for assessing the limitations he did was his reliance on an FCE that the test administrator determined to be invalid, the ALJ gave good reasons for rejecting the opinion. Plaintiff's attempts to suggest that the ALJ's reliance on the FCE's invalidity was misplaced—by pointing out that she presented to the ER the following day—is unavailing. (R. 15, PageID# 1980). The court does not reweigh evidence.

In addition, the ALJ identified treatment records from Dr. Rae that the ALJ determined to be inconsistent with Dr. Rae's September of 2016 opinion. (Tr. 53). Plaintiff's brief does not argue that the treatment notes cited by the ALJ actually support the highly restrictive limitations in the September of 2016 opinion. Instead, Plaintiff points to treatment notes, which post-date the September of 2016 opinion by more than a year, to suggest the limitations assessed by Dr. Rae were warranted. (R. 15, PageID# 1979-1980). The argument is unconvincing. The ALJ's discussion concerning the supportability and consistency factors satisfied the treating physician rule. *See generally Crum v. Commissioner*, No. 15-3244, 2016 WL 4578357, at *7 (6th Cir. Sept. 2, 2016) (suffices that ALJ listed inconsistent treatment records elsewhere in the opinion). The decision renders it apparent that the ALJ considered the proper factors in determining how much weight to ascribe to Dr. Rae's opinions even if the decision does not explicitly discuss each factor.

In the alternative, the court notes that numerous decisions have found that the use of

checklist or check-the-box forms in which the doctor provides little or no accompanying explanation for the assessed limitations, such as that provided herein by Dr. Rae, are unsupported and, therefore, the ALJ may properly discount the treating source opinions. The Sixth Circuit has determined that a check-box opinion, unaccompanied by any explanation, was "'weak evidence at best' and meets our patently deficient standard." *Hernandez v. Comm'r of Soc. Sec.*, 644 Fed. App'x 468 (6th Cir. 2016) (citing *Friend v. Comm'r of Soc. Sec.*, 375 Fed. App'x 543, 551 (6th Cir. 2010)).[1] The *Hernandez* decision explained that "[e]ven if the ALJ erred in failing to give good reasons for not abiding by the treating physician rule, it was harmless error" where the opinion in question was an unsupported check-box opinion. *Id.* at *6. The court finds that the

---

[1] The *Friend* decision identified three instances where a violation of the treating physician rule would be harmless error. *Friend*, 375 Fed. App'x at 551. The first instance, found applicable by the *Hernandez* court, was where "a treating source's opinion is so *patently deficient* that the Commissioner could not possibly credit it." *Id.* (emphasis added). *See also, Kepke v. Comm'r*, No. 15-1315, 2016 WL 124140, at *4 (6th Cir. Jan. 12, 2016) (doctor's "checklist opinion did not provide an explanation for his findings; therefore, the ALJ properly discounted it"); *accord Brewer v. Comm'r of Soc. Sec.*, No. 5:19CV1854, 2021 WL 1214837 at *4 (N.D. Ohio Mar. 31, 2021) (Pearson, J.) (observing that a "completed…check-box form, devoid of any independent analysis, or even a diagnosis of Plaintiff's conditions … have been described by the Sixth Circuit as 'weak evidence at best' and 'patently deficient[,]' even when authored by treating physicians."); *see also Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("We have held that the ALJ may 'permissibly reject . . . check-off reports that [do] not contain any explanation of the bases of their conclusions'") (citations omitted); *Smith v. Astrue*, No. 08-4634, 2009 WL 5126559, at *3 (3d Cir. Dec. 30, 2009) ("checklist forms . . . which require only that the completing physician 'check a box or fill in a blank,' rather than provide a substantive basis for the conclusions stated, are considered 'weak evidence at best' in the context of a disability analysis.") (citations omitted); *Hyson v. Commissioner*, No. 5:12CV1831, 2013 WL 2456378, at *14 (N.D. Ohio June 5, 2013) (finding that because doctor merely checked boxes on the form while leaving those sections of the form blank where she was to provide her written explanation, doctor failed to provide any substantive basis for stated conclusions and the ALJ was not required to accept the opinions); *cf. Price v. Commissioner*, No. 08-4210, 2009 WL 2514079, at *3 (6th Cir. Aug. 18, 2009) (because doctor failed to identify objective medical findings to support his opinion regarding claimant's impairments, ALJ did not err in discounting his opinion).

doctor's opinions, unaccompanied by any meaningful explanation or even diagnoses, is patently deficient. Therefore, even if the court were to find that the ALJ failed to give good reasons for rejecting the opinions, which it has not so found, any failure to do so would amount to harmless error.

The first assignment of error, therefore, is without merit.

**2. Sentence Six Remand**

In the second assignment of error, Plaintiff contends that "new and material evidence warrants reversal or remand." (R. 15, PageID# 1980-1982). Plaintiff relies upon new treatment records—prepared after the ALJ's decision—as new and material evidence that warrant remand under Sentence Six of 42 U.S.C. § 405(g). *Id*. As explained below, the court disagrees that these records require a remand.

The party seeking remand bears the burden of showing that a remand is proper under Section 405. *Sizemore v. Sec'y of HHS*, 865 F.2d 709, 711 (6th Cir. 1988); *Oliver v. Sec'y of HHS*, 804 F.2d 964, 966 (6th Cir. 1986). Section 405 provides:

> The court ... may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g). In this context, the party seeking remand must show: (1) the additional evidence is new and material, and (2) that she had good cause for her failure to incorporate it into the record during the administrative proceeding. *Oliver*, 804 F.2d at 966. Evidence is "new" only if it was "'not in existence or available to the claimant at the time of the administrative proceeding.'" *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). "Evidence is material when it concerns the claimant's condition prior to the ALJ's decision and there

is a reasonable probability that the ALJ would have reached a different decision if the evidence had been presented." *Langford v. Astrue*, No. 1:09CV1629, 2010 WL 3069571, at *5 (N.D. Ohio Aug. 3, 2010) (citing cases); *see also Foster*, 279 F.3d at 357 (quoting *Sizemore*, 865 F.2d at 711); *Hamilton v. Astrue*, No. 1:09CV260, 2010 WL 1032646, at *5 (N.D. Ohio Mar. 17, 2010) (citing *Oliver*, 804 F.2d at 966).

Plaintiff presented the evidence in question to the Appeals Council (AC), after the ALJ's decision. The March 16, 2020 Notice of Appeals Council Action stated:

> You submitted treatment records from The Center for Orthopedics, dated August 23, 2019 to October 25, 2019 (5 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.
>
> You submitted treatment records from The Center for Orthopedics, dated November 18, 2019 to December 16, 2019 (10 pages), and from Osama Malak, M.D., dated November 13, 2019 to December 18, 2019 (13 pages). The Administrative Law Judge decided your case through November 1, 2019. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before November 1, 2019.
>
> If you want us to consider whether you were disabled after November 1, 2019, you need to apply again. If you file a new claim for disability insurance benefits within 6 months after you receive this letter, we can use November 10, 2019, the date of your request for review, as the date of your new claim. The date you file a new claim can make a difference in the amount of benefits we can pay.

(Tr. 2).

Plaintiff's argument is not persuasive, and remand is not appropriate. "Evidence is not material if it is cumulative of evidence already in the record, or if it merely shows a worsening condition after the administrative hearing." *Kinsley v. Berryhill*, 2018 WL 3121621, 2018 U.S. Dist. LEXIS 45611, at *47 (N.D. Ohio Jan. 24, 2018) (internal citations and quotations omitted). The Sixth Circuit has observed as follows:

14

> Evidence which reflected the applicant's aggravated or deteriorated condition is not relevant because such evidence does not demonstrate the point in time that the disability itself began. Reviewing courts have declined to remand disability claims for reevaluation in light of medical evidence of a deteriorated condition. If in fact the claimant's condition had seriously degenerated, the appropriate remedy would have been to initiate a new claim for benefits as of the date that the condition aggravated to the point of constituting a disabling impairment.

*Sizemore v. Sec'y of Health & Human Servs.,* 865 F.2d 709, 712 (6th Cir. 1988).

While the evidence is undoubtedly new to the extent the records post-date the ALJ's decision, Plaintiff makes only a conclusory argument as to their materiality. (R. 15, PageID# 1982). Further, despite arguing that the records "relate back," Plaintiff asserts that the records demonstrate "worsening pain and dysfunction…." *Id*. Plaintiff has failed to establish that the records in question are material to her condition *before* the ALJ's decision. Nor has she compellingly argued that these specific medical records are not merely cumulative of those already existing in the record. To the extent they are demonstrative of a worsening of her conditions *after* the administrative decision, they do not relate back and are more properly the subject of a new application. Accordingly, a remand to consider these records is not warranted.

## V. Conclusion

For the foregoing reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

s/ *David A. Ruiz*  
David A. Ruiz  
United States Magistrate Judge

Date: September 16, 2021